FILED
2017 Jun-16 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBOLGHASSEM MOHAMMAADIPOUR AND FARAHNAZ (SARAH) MOHAMMAADIPOUR | ) ) ) ) ) | |
|     **Plaintiffs,** | ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | ) ) ) | |
|     **Defendant.** | | |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Fire Insurance Company ("Liberty"), by and through its counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal, removing this civil action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. This action is removable pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and Liberty and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Liberty states as follows:

## PROCEDURAL BACKGROUND

1.     On or about May 12, 2017, Plaintiffs Albolghassem Mohammaadipour and Farahnaz Mohammaadipour ("Plaintiffs") filed a Complaint in the Circuit Court of Jefferson County, Alabama, in the civil action styled *Albolghassem Mohammaadipour et al. v. Liberty Mutual Fire Insurance Company*, 01-CV-2017-901967. True and correct copies of all process, pleadings, and orders as reflected on Alacourt are attached hereto as **Exhibit A.**

2.     Plaintiffs' Complaint asserts claims for breach of contract, bad faith, intentional infliction of emotional distress/tort of outrage, and fraud arising out of a claim Plaintiffs submitted for homeowner's insurance coverage under policy no. H32-251-659871-00 issued by Liberty (the "Policy"). *See* Exhibit 1 to the Declaration of Willeva Meuse, attached hereto as **Exhibit B** (hereinafter the "Meuse Decl."). Plaintiffs seek recovery of compensatory damages (including mental anguish/emotional distress damages), and punitive damages. *See generally* Complaint ("Compl.").

3.     Liberty was served with the Summons and Complaint on May 19, 2017. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

**DIVERSITY OF CITIZENSHIP**

4.     Upon information and belief, Albolghassem Mohammaadipour is a resident and citizen of the state of Alabama. *See* Compl. at ¶ 1.

5.     Upon information and belief, Farahnaz Mohammaadipour is a resident and citizen of the state of California. *See id.*

6.     Liberty is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Massachusetts.

7.     Consequently, based on the face of the Complaint, there is complete diversity of citizenship between Plaintiffs and Liberty.

**AMOUNT IN CONTROVERSY**

8.     In addition to establishing diversity of citizenship amongst the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ." *See* 28 U.S.C. 1332(a)(1).

9.     Under section 1446(c)(2), a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, even when a "state court complaint explicitly seeks an amount of damages less than the jurisdictional amount." *Harris v. Aghababei*, 81 F. Supp. 3d 1278, 1281 (M.D. Ala. 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)). The preponderance of the evidence standard is appropriate,

even when a Complaint specifies damages, because Alabama permits "recovery of damages exceeding the amount claim in the *ad damnum* clause." *Id.* (citing Ala. R. Civ. P. 54(c)).

10.    Here, Plaintiffs seek $75,000.00, exclusive of interest and costs in the *ad damnum* clause of the Complaint. Thus, if the preponderance of the evidence demonstrates that even one cent is in controversy over Plaintiffs' request, the amount in controversy is met.

11.    Liberty denies the allegations of Plaintiffs' Complaint and denies that it is liable for any damages to Plaintiffs. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. § 1332. Here, judicial experience and common sense dictate that the amount in controversy put forth in Plaintiffs' complaint well exceeds $75,000.00.

12.    Plaintiffs' claims arise out of an incident where his mortgage company foreclosed on his home and his personal belongings were allegedly damaged and/or stolen when they were removed from his home. *See* Compl., at ¶¶ 8-12. In connection with the loss, Plaintiffs submitted a Proof of Loss to Liberty listing each item they were claiming had been damaged and/or stolen and for which they were seeking coverage. *See* Meuse Decl., at ¶ 6. In the Proof of Loss, Plaintiffs seek coverage for roughly $178,954.38 in losses. In addition, the Policy

has coverage limits for Personal Property with Replacement Cost of $193,730.00. *See* Policy, at p. 1. Accordingly, Plaintiffs allegations for bring roughly $178,000 into controversy, which alone well in excess of the jurisdictional threshold.

13.    In addition, Plaintiffs seek mental anguish and emotional distress damages. Courts in the Eleventh Circuit have routinely considered a plaintiff's claims for mental anguish or emotional distress in determining the amount in controversy. *See Butler v. Charter Communications, Inc.*, 755 F. Supp. 2d 1192, 1196 (M.D. Ala. 2010) ("[T]he specific facts alleged by Defendants, and supported by the attachments to the Notice of Removal and opposition to remand, along with requests for additional damages for emotional distress and punitive damages, specifically establish the amount in controversy exceeds $75,000.00, exclusive of interests and costs."); *Barnes v. Jetblue Airways Corp.*, 2007 WL 1362504, at *2 (S.D. Fla. May 7, 2007) (denying plaintiff's motion to remand, the court agreed that, "[t]hough difficult to quantify, such an award of [emotional distress] damages could easily match the amount of…[compensatory] damages," thus exceeding the jurisdictional requirement).

14.    Finally, a demand for punitive damages must also, of course, be included in the determination of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy); *Holley Equip*

*Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered") (internal citations omitted); *see also South Dallas Water Authority v. Guarantee Co. of North America, USA,* 767 F. Supp. 2d 1284, 1303 and n. 21 (S.D. Ala. 2011) (holding that the defendant could have "marshaled enough evidence of the jurisdictional facts to support a notice of removal" . . . "when one considers plaintiff's demand for compensatory and punitive damages"); *Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) ("[I]n determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered…") (internal citations omitted).

15.     In ascertaining the amount in controversy in light of a plaintiff's claim for punitive damages, "***state law is relevant*** to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce." *Broughton v. Fla. Int'l Underwriters, Inc.*, 139 F.3d 861, 863 (11th Cir. 1998) (emphasis added). Thus, in determining whether the jurisdictional level has been met, this Court can consider recent decisions rendered in similar cases. *See Henry v. Nationwide Ins. Co.*, No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S.D. Ala. Aug. 22, 2007) (determining that the amount in controversy was satisfied due to the comparison of other breach of contract and fraud cases against insurance companies alleging punitive damages). Alabama juries have consistently awarded punitive damages

greater than $75,000 in cases alleging bad faith claims. *See, e.g.*, *Otinger v. Allstate Ins. Co.*, No. 05-574, 2011 WL 4632225 (Etowah County, Ala. May 20, 2011) (awarding $75,000 in compensatory damages and $100,000 in punitive damages for bad faith failure to pay an insurance claim).[1]

16.     In this case, Plaintiffs seek coverage under the Policy for losses allegedly amounting to $178,000.00. This does not even include punitive damages, which could be up to three times the amount of compensatory damages.

17.     Consequently, based upon the detailed allegations of Plaintiffs' Complaint and recent jury verdicts in bad faith insurance actions, "judicial experience and common sense" dictate that it is more likely than not that Plaintiffs' Complaint places more than $75,000 in controversy.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

18.     Because this Notice of Removal was filed within thirty days of service of the Complaint upon Liberty, it is timely under 28 U.S.C. § 1446(b).

19.     Liberty has sought no similar relief with respect to this matter.

20.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

---

[1] State court awards for mental anguish and emotional distress for bad faith tort claims in Alabama also indicate that the amount in controversy exceeds $75,000 when combined with Plaintiffs' demand for insurance coverage and punitive damages. *See, e.g.*, *Carr v. Allstate Ins. Co.*, No. CV-07-900601, 2007 WL 6921813 (Mobile County, Ala. Nov. 2007) (awarding $75,000 for pain and suffering for emotional distress caused by bad faith failure to honor provisions of motor vehicle insurance policy); *Sockwell v. Nat'l Ins. Assoc.*, No. CV 99-90, 2001 WL 1880102 (Colbert County, Ala. Feb. 2001) (awarding $201,000 in pain and suffering for emotional distress caused by bad faith failure to uphold provisions of motor vehicle insurance policy). Federal courts in Alabama have also awarded significant damages for emotional distress caused by bad faith. *See Preis v. Lexington Ins. Co.*, No. 1:06-cv-00360-WS-C, 2007 WL 4823702 (S.D. Ala. Aug. 2007) (awarding $70,000 in damages for pain and suffering on bad faith claim for failure to honor the provisions of a homeowner's insurance policy).

21.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

22.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Clerk for the Circuit Court of Jefferson County, Alabama.

23.     The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division, and this cause is removable to the United States District Court for the Northern District of Alabama, Southern Division.

24.     If any question arises as to the propriety of the removal of this action, Liberty requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Liberty respectfully gives notice that this action has been removed from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted by,

*/s/ Joshua R. Hess*
Jeffrey M. Grantham
Joshua B. Baker
Joshua R. Hess
*Attorneys for Defendant Liberty*
*Mutual Fire Insurance Company*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Ave. North
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing has been served upon the following via U.S. Mail, postage pre-paid, on this the 16th day of June, 2017:

Thomas Buck
Longshore, Buck, Longshore, P.C.
2009 Second Avenue North
Birmingham, Alabama 35203
(205) 252-7661

*/s/ Joshua R. Hess*
**OF COUNSEL**