# EXHIBIT A

ELECTRONICALLY FILED
5/12/2017 2:49 PM
01-CV-2017-901967.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>01-<br>Date of Filing: 05/12/2017   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ABOLGHASSEM MOHAMMAADIPOUR ET AL v. LIBERTY MUTUAL FIRE INSURANCE COMPANY**

**First Plaintiff:** ☐ Business  ☑ Individual       **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government ☐ Other                              ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER
           R ☐ REMANDED             T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** BUC002        5/12/2017 2:49:20 PM        /s/ THOMAS W. H. BUCK
                                 Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
5/12/2017 2:49 PM
01-CV-2017-901967.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

Abolghassem Mohammaadipour and wife
Farahnaz (Sarah) Mohammaadipour

    PLAINTIFFS,

V.                                                      CASE NO.:

LIBERTY MUTUAL FIRE INSURANCE COMPANY
A, B, AND C, those person, firms
or corporations that are doing
business as Liberty Mutual Fire Insurance Company
or are successor businesses
or corporations of Liberty Mutual Fire Insurance Company
D, E, and F, those persons, firms or
corporations that provided
insurance to the plaintiffs
and whose refusal to pay a claim is the
the basis of this lawsuit, G,
H, and I those persons, firms
or corporations that are the
appropriate entities to sue or
be sued as Liberty Mutual Fire Insurance Company
whose true names and
identities are unknown to the
plaintiffs at this time but will
be added by amendment when
ascertained.

    DEFENDANTS

## COMPLAINT

1.    The Plaintiff **Abolghassem Mohammaadipour** is a resident citizens of the State of Alabama, hereinafter referred to from time to time as "AB". The plaintiff **Farahnaz (Sarah) Mohammaadipour** is a resident citizen of the State of California.

2.    The Defendant, Liberty Mutual Fire Insurance is a California company/insurance company (hereinafter referred to as "Liberty Mutual") based out of California and doing business in the County of Jefferson, in the State of Alabama.

3. The Defendant, Liberty Mutual provided an insurance policy for the plaintiffs who purchased it to cover their home and personal property which was located at 3200 Georgetown Place, Hoover, Alabama 35216.

4. The individual plaintiffs were owners of the property for many years and their family was involved in the grocery business in Birmingham, Alabama where the husband has owned the business and made a living at a small grocery in downtown Birmingham, Alabama.

5. That the recent recession hit the family hard and the grocery business and income fell causing them not to be able to keep up with their house payments which caused great stress because they had owned and lived there for over 17 years and they loved their neighborhood and community.

6. That the plaintiff Farahnaz (Sarah) Mohammaadipour had a sickness at the time of the recession which doctors had suggested that she live in a different climate in California and most all of the family possessions remained in their home in Alabama where their young children had grown up and attended schools in the Hoover system.

7. That the plaintiff/ father, AB Mahamadipour, is the owner of an inner city downtown grocery downtown. He works late and would go back and forth between his home and his grocery to work. He would stay late and leave early, he not only owned the store, but was trying to keep up his necessary bills by being also the main worker as he was a sole proprietor and did as much as he could.

8. That the plaintiff fell behind on his mortgage payments and he had expenses for the family that were necessary to pay and prioritize. The mortgage company notified him that they would foreclose on his home which they later carried out.

9. That afterwards the mortgage company had a responsibility under Alabama law to follow the law after foreclosure. This includes, and is not limited to, the necessity of filing an ejectment law suit action in the Circuit Court of Alabama with proper service and delivery of any such complaint to which the owners would be given the opportunity to respond and tell the mortgage company their situation and they may respond with any defenses they may have. Said company did not follow the law.

10. That on or about July 1, 2013, the plaintiff, Mahamadipour, was still residing at the property address. His and his wife and family's belongings including furniture, beds, couches, computers, cameras, children belongings, phones, printers, dishes, jewelry, radios televisions, lawn mowers, tools, clothes and so many other valuable items remained in the home.

11. The plaintiff AB would go between his home and store and also would travel usually each month for a week or two to California to help his wife and family. Typically he would always be at the store and even stay overnight at the store at the end of the month and beginning the first few days of the month since that is when the social security and pension payments come in the first of the month and the busiest time of keeping up the business.

12. On or about July 4, 2013, after working at his store, he did return home after spending some nights at the store as he typically did at the beginning of the month, and working for a long period at his grocery. It was a time to go home on the holiday. It had been raining and when he arrived home he discovered a startling site. In his yard, he saw all of his and his wife's and children's belongings including furniture, children belongings, and so many other items thrown out of his home onto the front gutter and yard. The personal possessions of the family were completely destroyed and soaked in rain or missing as there had been a heavy downpour of rain that totally soaked and ruined all of the items. And many item such as televisions jewelry rugs and family painting and valuables were completely missing.

13. That the plaintiff thought there was a burglary or theft and did not know what to do as the plaintiff, AB Mahamadipour, was stunned to find his entire family and life possessions in his home stolen and or destroyed. The plaintiff called the Hoover police who came out and made an incident report in the rain.

14. That the plaintiffs discovered soon after, that his mortgage company and their agents were responsible for taking out and or destroying the items as they broke into his locked home in violation of Alabama law and decency. They are namely Bank of America, N.A. ,Safeguard Properties LLC, Guard Dogs MFS LLC and Caldwell Banker Real Estate. These companies and or their agents had thrown out the family personal belongings and had them destroyed, taken, stolen and or converted without cause, or due process and in violation of the law.

15. The plaintiffs' possessions were stolen and or destroyed. The plaintiffs have been harmed and damaged as they lost thousands of dollars of personal property, they were shocked and freighted and were helpless to see their possessions destroyed, stolen, broken and otherwise taken. They were put in a financial hardship as they lost valuable irreplaceable property and records. They were slandered to their friends and neighbors and their reputation was injured and harmed. They were harassed and intimidated and financially ruined.

16. That the defendant Liberty Mutual and defendants ABCDEFGH, and I, hereinafter referred to from time to time as the insurance company, did receive premiums on a yearly basis from the plaintiff's mortgage company escrow accounts and or from the plaintiffs for many years as the plaintiffs requested Liberty Mutual, to be their home insurance provider to cover losses including but not limited to damages to their home and personal property and the theft and loss of personal property.

17. That Liberty Mutual represented to the plaintiffs at the time that they purchased the insurance coverage that Liberty Mutual would provide insurance that would cover damage the plaintiffs home as well as theft and loss of personal property such as the losses

described herein.

18. That the plaintiffs' home was vandalized, harmed and otherwise damaged and personal property was taken and or stolen on or about July 1, 2013, and the Plaintiffs did make a claim for benefits on their insurance policy described herein and have never received said benefits.

19. That the defendants provided coverage for the dates of loss that the plaintiffs claimed and after a claim was made, requested that the plaintiffs provide an inventory of the property lost destroyed or taken, and asked for a statement under oath as to the plaintiffs' claims. The plaintiffs provided that and have done everything they know to receive coverage as promised and contracted for, and the defendants have wrongfully refused to honor the contract of coverage.

## COUNT I
## BREACH OF CONTRACT

The plaintiffs incorporate by reference paragraphs 1-19 into this count and further aver as follows:

20. That on or about May19, 2017 the defendants breached the contract of insurance as described herein by not paying and denying the claims of the plaintiffs which were owed to the plaintiffs as stated in the policy.

21. That the defendant Liberty Mutual and defendants ABCDEFGHI did breach the contract to provide and pay for losses and benefits as purchased by the plaintiffs for their homeowners insurance and which was faithfully paid and up to date at the time of the plaintiffs' loss.

22. That as a result of said breach of contract, the plaintiffs have been caused to be denied insurance proceeds, they have had to spend their own money for personal items and or do without because of such a large loss and costs. They have had the inability to replace personal clothes furniture and belongings and the plaintiffs have been emotionally harmed a

suffered great emotional anxiety and distress by being denied under a policy they had relied on and paid for. They have not been able to recover economically and at least be made whole. They had relied on the coverage to help them in such a disastrous situation and were refused and denied by the defendant on a valid claim.

## COUNT II
## BAD FAITH REFUSAL TO PAY

The plaintiffs incorporate by reference paragraphs 1-22 into this count and further aver as follows:

23. That the defendants Liberty Mutual and A,B,C,D,E,FGHI did breach its contract of Insurance with the Plaintiffs in that the Defendant is refusing to pay the claims of theft and loss of property as provided in the contract of insurance.

24. That the Plaintiffs have been damaged by the Defendants' refusal to pay in that the Plaintiffs have not had the insurance proceeds for the family as needed, and anticipated by the plaintiffs.

25. Plaintiffs aver that Defendants have acted in bad faith in refusing to pay a valid claim and their actions of bad faith include being affectively denied by the defendant's actions or inactions in their failure and or refusal to properly investigate or properly handle the plaintiff's claim. The Defendant has ignored the overwhelming amount of evidence which the Plaintiff has submitted to Defendant that supports payment of Plaintiffs claim. They did not do due diligence in their investigation, they were determined to deny the plaintiffs and were prejudiced against the plaintiffs.

26. That the defendants' actions were in bad faith and the defendants have wrongfully refused to pay the plaintiffs' loss under their claim of insurance which is owed to the plaintiffs.

27. That as a result of said bad faith refusal, the plaintiffs have suffered damages as set out in paragraph 22 of Count I which is incorporated into this Count by reference.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND TORT OF OUTRAGE

The plaintiffs incorporate by reference paragraphs 1-27 into this Count by reference and further aver as follows:

28. The acts of Liberty Mutual and defendants ABCDEFGHI and their denial were intentional and they did cause the intentional infliction of emotional distress when they knew or should have known that the plaintiffs were still needing to be able to start over and that there was a delay in those responsible to take responsibility and after a claim was filed the Defendants as to their home and furnishings the defendants were intentional trying to save themselves money instead of doing the right thing and paying the claim

29. That all of these actions were meant to intimidate harass and cause extreme emotional distress to the plaintiffs as all of these actions arise out of the ownership of the plaintiffs' home and their belongings in their home as they defendants did wrongfully convert and or damage and or wrongfully misuse the property of the plaintiffs.

30. That the actions of the defendants were done to the plaintiffs, in a manner which was for Liberty Mutual's own financial gain and benefit by avoiding the payment of valid claims instead of spending their own money as required by the policy. Their actions were shocking and outrageous and they knew that it would hurt the plaintiffs emotionally and financially and were beyond the bounds of human decency. Said action did cause intentional infliction of emotional distress and damages as set out in paragraph 22 which is incorporated herein.

## COUNT IV

### **FRAUD**

The plaintiffs incorporate by reference paragraphs 1-22 into this count and further aver as follows:

31. The actions of the Liberty Mutual and defendants ABCDEFGHI constitute intentional fraud. The plaintiffs paid premiums on time and it was represented to them at the time they purchased said policy that Liberty Mutual was a reputable company and that they would cover and pay losses and damages to the plaintiffs' property as suffered by the plaintiffs in this claim.

32. The plaintiffs relied on the representations and they paid premiums and purchased the policy because of said representations.

33. That on or about May 19, 2017 the plaintiffs discovered the fraud when they were denied the very benefits that the defendants had represented would be covered, and as a result of the reliance and misrepresentations they relied to their detriment and plaintiffs have been damaged as stated in paragraph 22 which is incorporated herein.

**WHEREFORE,** the plaintiffs demand judgment and award of compensatory and punitive damages against Liberty Mutual Fire Insurance Company and the defendants and defendants ABCDEFGHIJKLMNO for all four counts in the amount of $75,000. Said complaint and demand including costs does not exceed $75,000.

/s/Thomas Buck

Thomas W. H. Buck
Attorney for Plaintiff

The Plaintiffs demand a trial by struck Jury.

/s/Thomas Buck
Thomas W. H. Buck

OF COUNSEL:
Longshore, Buck, Longshore, P.C.
Longshore Building
2009 Second Avenue North
Birmingham, Alabama 35203
(205) 252-7661


SERVE DEFENDANT
By Certified Mail
Corporation Service Company
Agent of Service
641 South Lawrence Street
Montgomery, Al 36104

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**Abolghassem Mohammaadipour and wife**
**Farahnaz (Sarah) Mohammaadipour**

  **PLAINTIFFS,**

**V.**                **CASE NO.:**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**

  **DEFENDANTS.**

## REQUEST FOR PRODUCTION AND INTERROGATORIES FILED WITH THE COMPLAINT

Comes now the Plaintiffs and propounds the following interrogatories and Request for Production to the Defendant, Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual") as follows:

1. Please provide a complete investigation file of the Plaintiffs' claim showing every person Liberty Mutual Fire Insurance Company (hereafter referred to as Liberty Mutual) talked to in the review of the Plaintiffs' claim.

2. Please state each person that Liberty Mutual's agents contacted who worked with or were connected in any way with Safeguard LLC. and provide the name and address of the individual(s)date of contact and what was discussed. State each person that Liberty Mutual's agent contacted who worked with Guard Dog MFS LLC., and provide the name and address of everyone contacted, the date of contact and what was discussed. State each person that Liberty Mutual's contacted who worked with the Hoover Police Department and provide the names and addresses of the person(s) contacted and date of contact and what was discussed. State each person(s) that Liberty Mutual's agent contacted who worked with Caldwell Banker Real Estate or Bank of America, N.A. and provide the date of contact and what was discussed.

3. Please provide a copy of all statements, audio, emails or any other correspondence including electronic notes or document files generated or kept in a computer that show the interview or questions and answers given and made to or by any agent for the companies listed in question #2. This includes follow up correspondence or any communication after first meeting and or discussing by phone or by other methods, from the date of contact to date.

4. Please provide policy of insurance for the Plaintiffs.

5. Please provide the insurance policy file of the Plaintiff that showing the claim made and any corresponding to or from the Defendant or Plaintiff from 2011 to date.

    A). Please provide a copy of all premium statements and payments made by the Plaintiff from 1995 to date.

    B). Please provide all pictures of the property in the Defendant's file for the property taken at any time from 2011 to date.

6. Please provide a copy of all pictures made or received by the Defendant in the investigation of the Plaintiff's claim at any time.

7. Please state every reason that the Defendant refused to pay the Plaintiff's claim.

8. Please state each and every misrepresentation that the Defendant claims the Plaintiff made in this claim against the Defendant.

    A). Please be specific for each alleged misrepresentation including valuation of any piece of property.

    B). Please state any statement, document or picture in the Defendant's possession, including those given to it by the (Plaintiff) that supports your answers to this question.

    C) Provide a copy of the plaintiffs' claim.

9. Please state why Liberty Mutual claims there was no theft after a police report was made?

    A). Did the Plaintiff provide to you names of companies or individuals that took his possessions? If so who?

    B). If answer to 9(A) is yes, please state what investigation the Defendant did to get the items returned or investigate whether agents from said companies caused the damages and theft.

    C) State who the Defendant contacted in the companies provided by the plaintiff, the date of contact and what was asked and answered by their agents.

    D.) If the answer to 9A is No, please state what the defendant did to find the people that caused this act of damages and provide the investigation file with documents supporting what was the result of the investigation.

10. Would the Defendant have a subrogation claim against those people who stole from the Plaintiff if they were determined responsible?

11. Please state the total amount of premium paid by the Plaintiff to the Defendant at all time under this policy.

12. Please name and address on the agent who sold the insurance policy to the Plaintiff.

A). State if you contacted him/her about the plaintiffs claim, when they were contacted, and what information was asked and given by the agent.

B). Please provide a complete report of the agent to the Defendant on the Plaintiff's claim.

13. Please name each and every reason that the Defendant refused to pay the Plaintiff's claim. Be precise and state every part of the policy that gives you the right to refuse, to the Policy of each.

14. Please provide the name and addresses of every person or agent of the Defendant who investigated the claim of the Plaintiffs.

15. Please state the name and address of each and every person that investigate the plaintiffs' claim. Give their address and current phone numbers.

16. Provide all notes and investigation of the plaintiffs' claim that was made by those named in #15 above as well as by Mr. Stack

A) Provide copies of all correspondence from Mr. Stack to the plaintiffs and or their attorney from 2013 to date.

B) Provide copies of all correspondence from the plaintiffs and or their attorney to Mr. Stack of Liberty Mutual from 2013 to date.

C) State the number of investigations of claims that had been previously handled by those listed in # 15 and by Mr. Stack. Of those investigations, state the number of claims recommended and or denied. Please state the name and address of those individuals whose claims were denied by those listed in #15 and by Mr. Stack.

D) Did any of those denials stated in 16 D result in a law suit? If so state the case number and name of the plaintiffs and the location and court of said law suit.

17. Please provide copies of credit reports, accident reports, public reports and any criminal reports that were reviewed by the Defendant and state the purpose of each report and the effect of any such report on the Defendant's decision to deny the plaintiffs' claims

16. Please state how many claims under homeowner's policies, like the plaintiffs' policy in the State of Alabama have been denied over the last ten years.

17. Please state how many claims under homeowners' policies, like the plaintiffs' policy in the State of Alabama have been denied for the only reason that Liberty Mutual stated that the claim was filed too late or not timely? State the name and address of the claimant of each of those denied if any because of this sole reason.

18. State whether Liberty Mutual is a California Corporation or insurance Company; and if not, what state is it incorporated or considered as being an insurance company for jurisdictional purposes; state the address of it's principle place of business and why it is or is not an Alabama insurance company and or corporation.



AlaFile E-Notice

01-CV-2017-901967.00

To: THOMAS W. H. BUCK
tombuck@longshorebuck.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ABOLGHASSEM MOHAMMAADIPOUR ET AL V. LIBERTY MUTUAL FIRE INSURANCE COMP
01-CV-2017-901967.00

The following complaint was FILED on 5/12/2017 2:48:23 PM

Notice Date:    5/12/2017 2:48:23 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901967.00

To: LIBERTY MUTUAL FIRE INSURANCE COMPANY
C/O CORP SERVICE COMPANY
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL, 35203

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

ABOLGHASSEM MOHAMMAADIPOUR ET AL V. LIBERTY MUTUAL FIRE INSURANCE COMP
01-CV-2017-901967.00

The following complaint was FILED on 5/12/2017 2:48:23 PM

Notice Date:     5/12/2017 2:48:23 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-901967.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**ABOLGHASSEM MOHAMMAADIPOUR ET AL V. LIBERTY MUTUAL FIRE INSURANCE COMP**

**NOTICE TO:** LIBERTY MUTUAL FIRE INSURANCE COMPANY, C/O CORP SERVICE COMPANY 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 35203

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS W. H. BUCK,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2009 2ND AVE N, BIRMINGHAM, AL 35203.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ABOLGHASSEM MOHAMMAADIPOUR *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

| 5/12/2017 2:48:23 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ THOMAS W. H. BUCK
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____ .

*(Name of Person Served)*    *(Name of County)*    *(Date)*

_____    _____    *(Address of Server)*
*(Type of Process Server)*    *(Server's Signature)*    _____

_____    _____
*(Server's Printed Name)*    *(Phone Number of Server)*